UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ROSANNA L. SMITH

**Plaintiff.**

v.                6:11-cv-36

TRANE U.S., INC., APRYL M. O'DELL, and MAREK MAY,

**Defendants.**

## ORDER

### I. INTRODUCTION

On April 5, 2011, Plaintiff Rosanna L. Smith ("Smith") filed suit against Trane U.S., Inc., ("Trane"), Apryl M. O'Dell ("O'Dell"), and Marek May ("May") (collectively, "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. ("Title VII"), for employment discrimination based on race and gender, and the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"), for racial discrimination. *See* Doc. 1. Before the Court is Defendants' "Motion for Partial Judgment on the Pleadings." *See* Doc. 14.

### II. STANDARD OF REVIEW

"Judgment on the pleadings . . . is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). When reviewing such a motion, the court must "accept the facts in the complaint as true" and "view them in the light most favorable to the nonmoving party." *Hawthorne*, 140 F.3d at 1370. "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley*, 292 F.3d at 700. "A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted invokes the same legal analysis as a Rule 12(b)(6) motion to dismiss." *In re McMillen*, 440 B.R. 907, 910 (N.D. Ga. 2010).

### III. ANALYSIS

#### A. Individual Liability under Title VII

Defendants contend that all claims against O'Dell and May under Title VII must be dismissed because Title VII does not provide for individual liability. *See* Doc. 14-1 at 3-4. During Smith's employment with Trane, May served as "Plant Leader" for Trane's Vidalia, GA facility and O'Dell worked as "Human Resources Leader." *See* Docs. 1 at 3; 4 at 10. Smith admits that Title VII does not provide for individual liability. *See* Doc 15. at 1-2. She claims however that her complaint alleges no claims against May and O'Dell in their individual capacity but requests relief from "'employer' Defendants only." *See id.*

As noted by both parties, the Eleventh Circuit has clearly stated that relief under Title VII is available against only the employer, not against individual employees.

*See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("[W]e now expressly hold that relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, *regardless* of whether the employer is a public company or a private company."). This view conforms with the majority of the circuits. *See, e.g., Fantini v. Salem State Coll.*, 557 F.3d 22, 31 (1st Cir. 2009); *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d. Cir. 2004); *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995).

To the extent that Smith still contests Defendants' motion on this issue, the Court construes Smith's response to mean that May and O'Dell are being sued in their official capacity.

Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any *agent* of such a person . . . ." 42 U.S.C. § 2000e (b) (emphasis added). Although the emphasized provision could be construed to provide for separate liability for agents, courts that have addressed the issue have found otherwise. "[W]hile Title VII's definition of 'employer' does include the term 'agent,' Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding the same with regards to similar language in the ADA).

Employees can be sued under Title VII in their "official capacity." *Cross v. Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995). "[W]hile official-capacity suits against an employer's agents are proper, such suits are unnecessary where a plaintiff has also sued the employer." *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000). "If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action." *Id.*

Because Smith has sued Trane, her former employer, Trane's agents named in the complaint, O'Dell and May, may be dismissed from the Title VII claims.

Therefore, the Title VII claims in Counts 1, 3, 4, and 6 of Smith's complaint against O'Dell and May are **DISMISSED**. *See* Doc. 1. O'Dell and May still remain as defendants under the § 1981 claims. *See Page v. Winn-Dixie Montgomery, Inc.*, 702 F. Supp. 2d 1334, 1355-56 (S.D. Ala. 2010) (stating that § 1981 provides for individual liability).

### B. Statute of Limitations for Section 1981 claims

Defendants' motion also alleges that Count 2, *see* Doc. 1 at 12-13, and Count 5, *see* Doc. 1 at 16, of Smith's complaint should be dismissed because they are barred by the applicable statute of limitations. In response, Smith asserts that the two counts, her failure to promote and discriminatory

compensation claims under § 1981, require facts outside the pleadings and thus, the Court should deny Defendants' motion. *See* Doc. 15 at 2. Defendants argue that a two year statute of limitations forecloses the claims, whereas Smith argues that her § 1981 claims are governed by a four year statute of limitations period. *See* Docs. 14-1 at 5-8; 15 at 2-9.

Dismissal is appropriate "on statute of limitations grounds only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation omitted).

Defendants argue that Smith's failure to promote and discriminatory compensation claims under § 1981 existed before the Civil Rights Act of 1991 and thus, the state tort statute of limitations, two years in Georgia, applies. *See* O.C.G.A. § 9-3-33; *Hill v. Metro. Atlanta Rapid Transit Auth.*, 841 F.2d 1533, 1545-46 (11th Cir. 1988).

If a two year statute of limitations applies, then Smith's § 1981 claims are time-barred. Smith resigned on August 9, 2007 and filed this action on April 5, 2011. *See* Docs. 1 at 10; 14-1 at 2.

A four year statute of limitations applies to "civil actions arising under an Act of Congress enacted after" December 1, 1990. 28 U.S.C. § 1658(a). In *Jones v. R.R. Donnelley & Sons, Co.*, the Supreme Court held that "a cause of action 'arises under an Act of Congress enacted' after December 1, 1990—and therefore is governed by § 1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." 541 U.S. 369, 382 (2004).

In *Patterson v. McLean Credit Union*, the Supreme Court set forth the scope of § 1981. 491 U.S. 164 (1989), *superseded by statute*, Civil Rights Act of 1991, *as recognized in Jones v. R.R. Donnelley & Sons. Co.*, 541 U.S. 369 (2004). The *Patterson* Court held that § 1981 prohibited "discrimination only in the making and enforcement of contracts." *Id.* at 176. Interpreting what claims were actionable under the statute, the Court stated that the right to make contracts extended "only to the formation of a contract" and "does not extend . . . to conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." *Id.* at 176-77.

Congress, superseding *Patterson*, amended § 1981 to broaden the scope of the statute. The Civil Rights Act of 1991 provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyments of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Therefore, the four year statute of limitations applies to claims that are actionable under § 1981 because of the Civil Rights Act of 1991.

1. § 1981 Failure to Promote

The *Patterson* Court stated that a failure to promote claim was actionable under § 1981 "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and

3

the employer. . . ." 491 U.S. at 185. Thus, promotions that would not have resulted in a "new and distinct relation" were not actionable under § 1981 until after the passage of the Civil Rights Act of 1991. "The 1991 Act, which permits claims based on existing contracts, enabled a plaintiff to bring a failure to promote claim under § 1981(b) even where the promotion would not amount to a new and distinct relationship." *Bryant v. Jones*, 696 F. Supp. 2d 1313, 1321 (N.D. Ga. 2010).

Smith was hired as a Senior Human Resources Generalist-Grade 8 and remained in that position during the entire period of her employment with Trane. *See* Doc. 1 at 4. Smith applied for the promotion to Human Resources Leader in June 2007, and the position was filled in August 2007. *See* Docs. 1 at 9; 14-1 at 2.

In deciding which statute of limitations applies, the Court must determine whether the promotion would have amounted to a new and distinct relationship. Whether such promotion involved an opportunity for a "new and distinct relationship" requires the Court's consideration of facts outside the pleadings. *See Cross v. The Home Depot*, 390 F.3d 1283, 1289 (10th Cir. 2004) ("[A] court should look to whether there exists a meaningful, qualitative change in the contractual relationship. . . . Such changes in the contractual relationship could include promotions from nonsupervisory to supervisory positions and advancements from being paid by the hour to being a salaried employee." (internal citation omitted)).

Thus, the Court **DENIES** Defendants' motion as to the failure to promote claim under § 1981. Because consideration of facts outside the pleadings is necessary to determine whether the promotion would have amounted to a new and distinct relationship, the Court cannot determine the applicable statute of limitations for Smith's failure to promote claims under § 1981 at this stage of the litigation.

2. § 1981 Discriminatory Compensation

Defendants argue that Smith's discriminatory compensation claim under § 1981 is also untimely. *See* Doc. 14-1 at 7. Defendants cite *Palmer v. Stewart Cnty. Sch. Dist.* to support their proposition that the two-year statute of limitations period applies. 215 F. App'x 822, 824 (11th Cir. 2007). The *Palmer* plaintiff's discriminatory compensation claim, however, related to her initial terms of employment. *Id.* That plaintiff "did not allege any wrongdoing regarding salary modifications." *Id.*

Unlike the plaintiff in *Palmer*, Smith's claim does not contest her initial compensation. *See* Doc. 1 at 6 (stating that when hired Smith "was the highest paid Human Resources Generalist at the Vidalia plant"). Instead, her complaint alleges that because of her race, she did not receive comparable pay raises or salary modifications as did her white counterpart. *See* Doc. 1 at 7-8. According to the complaint, Smith began her employment in July 2006. *See* Doc. 1 at 4. Smith claims that Trane gave her white counterpart, Mr. Jordan, four pay increases as compared to

her one pay increase. *Id.* at 7-8. Smith further alleges that such pay increases caused the counterpart's salary to exceed her salary even though Smith held a senior position. *Id.* at 8.

Smith's allegations of discriminatory pay raises involve post-formation conduct and thus, would be subject to the four-year statute of limitations period. *See White v. BFI Waste Servs., LLC*, 375 F.3d 288, 292 (4th Cir. 2004) ("[C]laims of discrimination in compensation [under § 1981] arise under the 1991 amendments" and thus, are subject to the four-year statute of limitations.); *Brown v. Seminole Marine, Inc.*, 2005 WL 2217429, at *2 (M.D. Ga. Sept. 9, 2005) (finding that "deprivation of pay raise based on race" was "improper conduct that would have occurred after the formation of [the contract]" and thus, was "governed by the federal four-year catch all statute of limitations").

Thus, the Court holds that Smith's § 1981 discriminatory compensation claim falls under the four-year statute of limitations period. Therefore, the Court **DENIES** Defendants' motion as to this matter.

3. Timeliness of Pay Increases

In the alternative, Defendants argue that even if the Court finds that the four-year statute of limitations applies, three of the allegedly discriminatory pay increases are time-barred. *See* Doc. 14-1 at 8. In response, Smith argues that her discriminatory compensation claims are part of a continuing violation of which she did not discover until a time within the four-year limitations period. *See* Doc. 15 at 10.

In her complaint, Smith lists a series of allegedly discriminatory pay increases given to her comparator, dated July 21, 2005; September 16, 2006; March 26, 2007; and June 18, 2007. *See* Doc. 1 at 7-8. Smith did not file her complaint until April 5, 2011. *See* Doc 1.

The June 18, 2007 pay increase falls under the four year statute of limitations period and is not time-barred. The Court, however, will not consider the July 21, 2005 pay raise because the facts as stated in the complaint show that Smith did not even begin her employment with Trane until "on or about July 31, 2006," more than one year after the aforementioned pay raise, s*ee* Doc. 1 at 4, and Smith is not challenging her initial salary as discriminatory, *see* Doc. 1 at 6.

The September 16, 2006 and March 26, 2007 pay increases clearly occurred more than four years before Smith's filing of this lawsuit. Smith however argues that these pay increases are not time-barred because they are part of a "continuing violation" of § 1981. *See* Doc. 15 at 6. In support, Smith cites *Calloway v. Partners Nat'l Health Plan* for the proposition that "race based, discriminatory wage payments constitute a continuing violation of Title VII." 986 F.2d 446, 449 (11th Cir. 1993). *But see Bradley v. Fla. Dept. of Transp.*, 2002 WL 32107945, at *8 (N.D. Fla. Nov. 11, 2002) (distinguishing the facts of *Calloway* by stating that employee in *Calloway* was hired at discriminatory pay rate and continued to be paid at that rate).

### a. Continuing Violations

"Under the 'continuing violation' doctrine, a plaintiff may obtain recovery for discriminatory acts that otherwise would be time-barred so long as a related act fell within the limitations period." *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 130 (1st Cir. 2009). "In determining whether a discriminatory employment practice constitutes a continuing violation, [the Eleventh Circuit] distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002) (internal quotation and citation omitted).

The "continuing violation" theory arose under Title VII, but courts have applied the theory to § 1981 claims. *See, e.g., Verdin v. Weeks Marine Inc.*, 124 F. App'x 92, 96 (3rd Cir. 2005); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (stating that "continuing violations" doctrine also applied to § 1981 claims). The continuing violations doctrine is usually invoked to defeat a statute of limitations bar for conduct that falls outside the relevant period. *Dandy*, 338 F.3d at 270.

The continuing violation theory does not apply to discrete acts. In *Nat'l R.R. Passenger Corp. v. Morgan*, the Supreme Court held that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify." 536 U.S. 101, 114 (2002). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. This discrete act distinction has been extended to § 1981 claims. *See Pruitt v. City of Chicago, Ill.*, 472 F.3d 925, 927 (7th Cir. 2006) ("Claims about discrete employment actions . . . must be made within . . . four years under § 1981.").

Discriminatory compensation claims do not fit neatly into this category of "discrete acts." *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 649-50 (2007) *superseded, in part, by statute*, Fair Pay Act of 2009, Pub. L. No. 111-2, 42 U.S.C. § 2000e-5(e)(3) (Ginsburg, J., dissenting) ("Compensation disparities . . . are often hidden from sight. It is not unusual . . . for management to decline to publish employee pay levels, or for employees to keep private their own salaries."). Prior to *Morgan*, many courts analyzed pay discrimination claims in the context of the "continuing violations" doctrine. *See Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1027 (7th Cir. 2011) (discussing such cases); *LeBlanc v. City of Tallahassee*, 2003 WL 1485063, at *3 (N.D. Fla. Feb. 24, 2003); *Inglis v. Buena Vista Univ.*, 235 F. Supp. 2d 1009, 1021-22 (N.D. Iowa 2002). Courts had to reexamine continuing violation law in light of *Morgan*. *See Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003).

Following *Morgan*, many courts held that a new cause of action for pay discrimination arose every time a plaintiff received a paycheck resulting from an earlier discriminatory compensation practice, even if the practice occurred

6

outside the statute of limitations period. *See Mikula v. Allegheny Cnty.*, 583 F.3d 181, 185-86 (3d Cir. 2009); *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1028 (7th Cir. 2003) ("[E]ach of [plaintiff's] paychecks that included discriminatory pay was a discrete discriminatory act, not subject to the continuing violation doctrine.").

Likewise, after the passage of the Lilly Ledbetter Fair Pay Act (FPA), "each paycheck that stems from a discriminatory compensation decision or pay structure is a tainted, independent employment-action that commences the administrative statute of limitations." *Noel v. The Boeing Co.*, 622 F.3d 266, 271 (3d Cir. 2010). Courts have diverged in determining whether the FPA applies to § 1981 claims. *Cf. Johnson v. Portfolio Recovery Associates, LLC*, 682 F. Supp. 2d 560, 586 (E.D. Va. 2009) (stating that Congress did not amend § 1981 when passing FPA); *Aspilaire v. Wyeth Pharm., Inc.*, 612 F. Supp. 2d 289, 303 n.6 (S.D.N.Y. 2009) (noting that Title VII and § 1981 are frequently analyzed under the same framework).

Smith is not challenging her initial salary as discriminatory; she is challenging the fact that her employer gave her comparator a series of pay increases that eventually brought the comparator's salary above her own. Without further facts and in isolation, each pay modification could be classified as a discrete act. *See Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 377 F. App'x 346, 349 (5th Cir. 2010) (holding pay raise exclusions to be discrete acts); *Johnson v. Austal, U.S.A., LLC*, 2011 WL 3290411, at *4 (S.D. Ala. Aug. 1, 2011) (finding that pay raise claim was a discrete act).

The *Morgan* Court did extend the continuing violation doctrine to hostile-environment or harassment claims. *See id.* at 122. Under such a claim, the discriminatory act does not occur on any particular day but "occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* at 115.

Accordingly, Smith, in her response to Defendants' present motion, attempts to analogize her own claims to a hostile environment claim. *See* Doc. 15 at 8. To prove a hostile work environment claim, Smith would need to show "that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Hill v. Emory Univ.*, 346 F. App'x 390, 396 (11th Cir. 2009) (quoting *Miller v. Kenwroth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)).

The Court will not construe Smith's complaint as alleging a hostile work environment claim, which requires its own separate, unique proof apart from compensation claims.

Nevertheless, the Court recognizes that facts outside the pleadings are necessary to determine which decision or policy caused any alleged pay discrepancy. Smith may be entitled to rely on a decision, practice, or policy, which occurred more than four years before the filing of the complaint, as the basis for suing on allegedly discriminatory paychecks received within the four year

7

limitations period. *See Groesch*, 635 F.3d at 1027-28 (asserting the general applicability of the paycheck accrual rule).

### b. Discovery Rule

Smith alleges that she was unaware of the violations or pay increases until a time within the four-year limitations period. *See* Doc. 15 at 9. Such an assertion implicates the discovery rule. *See Cooper v. S. Co.*, 260 F. Supp. 2d 1334, 1346 (N.D. Ga. 2003) (stating, in the context of a discriminatory compensation claim, that "[c]laims of discrimination accrue when the plaintiff is informed of the discriminatory act" (internal quotation omitted)).

"Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)) (discussing discovery rule in the context of a § 1981 claim). The discovery rule postpones the beginning of the limitations period from the date plaintiffs are actually injured to the date when they discover (or reasonably should discover) that they have been injured. *Id.* at 1048. The discovery rule is incorporated into federal accrual law. *Id.*

The Supreme Court has never affirmed nor disaffirmed whether the discovery rule applies to employment discrimination claims. For instance, the *Morgan* Court declined to resolve the issue of "whether the time begins to run when the injury occurs as opposed to when the injury reasonably should have been discovered." 536 U.S. at 114 n.7. In *Ledbetter*, the Supreme Court again declined to address the discovery rule in the context of pay discrimination suits under Title VII. 550 U.S. at 642 n.10.

Nevertheless, other courts have applied the discovery rule to pay discrimination claims, *see Schengrund v. Penn. State Univ.*, 705 F. Supp. 2d 425, 433 (M.D. Pa. 2009), and for other discrimination claims, *see Johnson v. Holder*, 377 F. App'x 31, 31 (D.C. Cir. 2010) (applying discovery rule to § 1981 discriminatory failure to hire). *But see Malone v. Bodycote Heat Treating*, 2007 WL 2572177, at *5 (S.D. Tex. Sept. 4, 2007) (holding discovery rule inapplicable to claims under § 1981).

Factual uncertainties exist here surrounding the nature and scope of Smith's discriminatory compensation claim. It is unclear from the pleadings whether Smith would have known of her comparator's pay increases and her denial or deprivation of pay increases or raises. Likewise, the current record is unclear of when the comparator's salary actually exceeded Smith's salary or which compensation decision, policy, or practice caused the alleged pay discrepancy. Therefore, the Court finds that the consideration of facts outside the pleadings is necessary to determine the running of the statute of limitations on the September 16, 2006 and March 26, 2007 pay increases. Discovery is necessary to provide further factual evidence to support or rebut the statute of limitations claims.

Therefore, the Court **GRANTS in PART** and **DENIES in PART** Defendants' motion

as to the pay increases. Because Smith had not even begun her employment at the time and she is not disputing her initial salary, the July 21, 2005 pay increase will not be considered. On the other hand, the June 18, 2007 pay increase falls within the four year limitations period. Fact questions regarding the nature and accrual of Smith's § 1981 discriminatory compensation claim preclude the Court's determination at this time of whether the September 16, 2006 and March 26, 2007 pay increases can be considered for liability purposes.

### IV. CONCLUSION

Defendants' Motion for Partial Judgment on the Pleadings, see Doc. 14, is **GRANTED in PART** and **DENIED in PART**.

Smith's Title VII claims against O'Dell and May are **DISMISSED**.

Defendants' claim that Smith's failure to promote claim under § 1981 is untimely is **DENIED**.

Defendants' claim that Smith's discriminatory compensation claim under § 1981 is untimely is **DENIED**.

Defendants' claim that three of the pay increases are barred by the statute of limitations is **GRANTED in PART** and **DENIED in PART**. The July 21, 2005 pay increase is barred, but issues of fact preclude the Court's determination at this time of whether the September 16, 2006 and March 26, 2007 pay increases are time-barred.

This 17th day of October 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA